Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3521 | **DATE** | 10/10/2012 |
| **CASE TITLE** | SOT2, LLC vs. Tarazona | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion for Summary Judgment [29] and Plaintiff's Motion to Appoint a Special Commissioner [32] are granted. Enter Judgment of Foreclosure and Sale. Enter Order appointing The Judicial Sales Corporation as Special Commissioner.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff SOT2, LLC moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 on a one-count Complaint to Foreclose Mortgage against Defendants Pedro Jose Tarazona, Celia Rosa Gomez (collectively "the Mortgagors"), and the Arlington Country Owners Association ("Arlington"). The Complaint, originally filed by PNC Bank, National Association, seeks to foreclose a mortgage on a parcel of property owned by the Mortgagors located at 2298 W. Nichols, Arlington Heights, Illinois 60004 ("the Mortgage"), which secured the performance of the Mortgagors' obligations under the terms of a promissory note executed by the Mortgagors on August 16, 2004, in the original principal amount of $476,200.00 ("the Note"). The court finds that no genuine issues of material fact exist in this matter and grants Plaintiff's motion.

Summary judgment is appropriate when the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009). The court ruling on the motion construes all facts and makes all reasonable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is called for when the nonmoving party is unable to establish the existence of an essential element of its case on which it will bear the burden of proof at trial. *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012). In this case, the court deems the entirety of Plaintiff's Rule 56 Statement of Facts to be admitted. Plaintiff cite record evidence in support of each fact set out in its statement, and Defendants have failed to respond to the Statement, and have thus failed to raise a genuine dispute as to any of Plaintiff's facts.

The following facts are undisputed. Plaintiff is an Illinois limited liability corporation with its principal place of business in Illinois. The original Plaintiff in this action, PNC Bank, however, had its principal place of business in Pennsylvania, and the state designated on its organization certificate was Delaware. The Mortgagors are citizens and residents of Illinois, and Arlington is an Illinois corporation. The court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a), because diversity of citizenship is established at the time the action is filed.

| STATEMENT |
|---|

*See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

On or about August 16, 2004, the Mortagors executed the Note in favor of Mid America Bank, fsb, in the original principal amount of $476,200.00. To secure the Note, the Mortgagors executed the Mortgage. The Mortgage was recorded with the Cook County Recorder of Deeds Office on August 23, 2004.

The Mortgagors defaulted on the Note by failing to pay real estate taxes on the subject property due from 2009 to the present, as required under the terms of the Note and Mortgage. A third party tax purchaser paid the taxes. PNC Bank, the successor in interest to Mid America Bank, fsb, filed this foreclosure action on May 25, 2011. The Mortgagors answered the Complaint on June 23, 2011. Arlington did not answer the Complaint.

PNC Bank sold the Note and assigned its interest in the Mortgage to Plaintiff on March 28, 2012. All monies owed by the Mortgagors to PNC were thereafter due to Plaintiff. As of March 28, 2012, the amount due under the Note was $424,218.13, including a principal amount of $404,018.44, interest in the amount of $18,390.96, and late charges in the amount of $1,808.73. The Note and Mortgage further provide that the Mortgagors are to pay Plaintiff's reasonable attorney's fees incurred in connection with this matter.

Plaintiffs have established that there is no genuine issue of material fact as to (i) the Mortgagors' execution of the Note and Mortgage; (ii) Plaintiff's status as the current holder of the Note and Mortgage; (iii) the Mortgagors' defaults under the terms of the Note and Mortgage; (iv) Plaintiff's right to recover its attorney's fees and costs from the Mortgagors; and (v) the amounts owed to Plaintiff under the Note. The court therefore grants Plaintiff's motion for summary judgment on the Complaint to Foreclose Mortgage. The court also grants Plaintiff's Motion to Appoint a Special Commissioner for the purposes of conducting a public foreclosure sale of the subject property.